IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INTERNATIONAL OFFSHORE ) <br> SERVICES, LLC and INTERNATIONAL ) <br> MARINE, LLC ) <br> ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LINEAR CONTROLS OPERATING, INC. ) <br> f/k/a LINEAR CONTROLS, INC. ) <br> APACHE CORPORATION ) <br> (OF DELAWARE) ) <br> ) <br>     Defendants. ) | CIVIL ACTION <br><br> NO. |

## COMPLAINT

**COME NOW,** International Offshore Services, LLC and International Marine, LLC, plaintiffs in the above styled and numbered cause, appearing through undersigned counsel, and for their Complaint against defendants, Linear Controls Operating, Inc. f/k/a Linear Controls, Inc. ("Linear") and Apache Corp. (of Delaware) ("Apache"), aver upon information and belief as follows:

### I.     NATURE OF THE ACTION

1.     This is an action seeking declaratory relief pursuant to 28 U.S.C. § 2201.

2.     On June 4, 2004, International Boat Rentals, Inc. (a predecessor company of International Offshore Services, LLC ("IOS")) entered into a Master Time Charter Agreement ("MTCA") with Apache, later assigned to IOS, in which IOS agreed to provide vessels to Apache upon request.

1

3.       On December 13, 2011, the M/V INT'L HUNTER ("HUNTER"), an IOS vessel under charter to Apache, was traversing West Cameron 168 while transporting an employee of Linear, an Apache subcontractor.

4.       While traversing West Cameron 168, the HUNTER allided with an unmarked submerged caisson owned by Linder Oil Company, a Partnership, Linder Energy Company, Louisiana General Oil Company, Destin Resources, LLC, Reserves Management, L.C. and Sojitz Energy Venture, Inc. and sunk.  The crew and passengers were forced to evacuate the HUNTER.

5.       The Apache subcontractor employee, Jake Bergeron ("Bergeron"), was allegedly injured and has filed a claim against IOS and International Marine, LLC ("IM") in the Eastern District of Louisiana.

6.       An actual controversy of a justiciable nature exists between IOS and IM and Apache concerning the latter's duty to defend and indemnify under the Master Time Charter Agreement executed between and among Apache and IOS and IM, and the liability of Apache for any additional costs ultimately adjudged against IOS and IM as they relate to Apache's subcontractor.

7.       The controversy is one of sufficient immediacy and significance to justify the entry of a declaratory judgment by this Court.

8.       Order(s) of declaratory relief will terminate the existing controversy between the parties.

9.       IOS and IM seek defense and indemnity under the MTCA and all of its amendments, reasonable attorneys' fees and costs, and indemnity in connection with a civil action pending in the United States District Court for the Eastern District of Louisiana.  Exhibit 1 is a true and accurate copy of the MTCA.

10. The aforesaid civil action is captioned as *In the Matter of International Marine, LLC and International Offshore Services, LLC* (USDC, EDLA, No.: 2:12-cv-0358). Exhibit 2 is a copy of the Verified Complaint for Exoneration and the Claims filed by Bergeron.

11. IOS and IM seek a declaration from this Honorable Court that the MTCA provides defense and indemnity for the claims asserted in the civil action and that Apache, therefore, has an obligation to defend and indemnify IOS and IM in the aforesaid civil action. IOS and IM are also beneficiaries of a contract between Apache and Linear by which Linear is required to provide indemnity and insure against all risks of its employment of Bergeron, including possible personal injury while aboard vessels such as the HUNTER.

## II.     PARTIES

12. At all material times, Plaintiff, International Offshore Services, LLC, was and is a Louisiana limited liability company.

13. At all material times, Plaintiff, International Marine, LLC, was and is a Louisiana limited liability company.

14. At all material times, Defendant, Linear Controls Operating, Inc. f/k/a Linear Controls, Inc., was and is a corporation organized under the laws of the State of Louisiana, having its principal place of business at 107 ½ Commission Boulevard, Lafayette, Louisiana 70508.  Linear is subject to the jurisdiction and venue of this Court, and service can be made upon its registered agent, Andre L. Clemons, 107 ½ Commission Boulevard, Lafayette, Louisiana 70508.

15. At all material times, Defendant, Apache Corporation (of Delaware), was and is a corporation organized under the laws of the State of Delaware, having its principal place of business at 2000 Post Oak Blvd., Suite 100, Houston, Texas 77079.  Apache is subject to the

jurisdiction and venue of this Court, and service can be made upon its registered agent, CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

### III.     STATEMENT OF JURISDICTION AND VENUE

16.     Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial amount of the events giving rise to this controversy occurred in the Eastern District of Louisiana.

17.     This Court has jurisdiction over the subject matter of this action pursuant to Rule 9(h) of the Federal Rules of Civil Procedure because it arises from a maritime contract, namely a charter agreement.  This action also comes within the Court's admiralty and maritime jurisdiction pursuant to U.S. Constitution Article 3, Section 2 and 28 U.S.C. § 1333.

18.     This Court has personal jurisdiction over Apache, as the conduct alleged in the civil action is alleged to have occurred while Apache was conducting business in the State of Louisiana.

19.     This Court has personal jurisdiction over Linear, as the conduct alleged in the civil action is alleged to have occurred while Linear was conducting business in the State of Louisiana.

### IV.     THE MASTER TIME CHARTER AGREEMENT

20.     On June 24, 2004, International Boat Rentals, Inc. entered into the MTCA, in which International Boat Rentals, Inc. agreed to time charter vessels that it operated to Apache upon request.  This MTCA was amended once.  Specifically on August 21, 2006, the MTCA was amended to assign the MTCA to International Offshore Services, LLC.

21.     At all pertinent times the HUNTER was owned by International Marine, LLC, a subsidiary of IOS.

22.     The MTCA provides for defense and indemnity arising from the alleged personal injury claims of Apache's subcontractor employee.  Specifically the MTCA states,

4

> *NEITHER OWNER* [IOS], ITS OFFICERS, DIRECTORS, EMPLOYEES, *THE VESSEL, HER OWNERS* [IM], OPERATORS, MASTER, AND CREW, NOR THE UNDERWRITERS OF ANY OF THE FOREGOING *SHALL HAVE ANY RESPONSIBILITY OR LIABILITY FOR ANY . . . INJURY, ILLNESS, DISEASE OR DEATH OF EMPLOYEES OF CHARTERERS,* ITS SUBCONTRACTORS, OR THEIR EMPLOYEES OR AGENTS, *AND CHARTERER [Apache] SHALL DEFEND, INDEMNIFY AND HOLD HARMLESS OWNER [IOS] . . . THE VESSEL, ITS OWNERS [IM] . . .* FROM AND AGAINST ANY SUCH CLAIM WHETHER GROUNDLESS OR NOT, AND WHETHER CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE OR FAULTS OF INDEMNITEES, OR BY THE UNSEAWORTHINESS OF THE VESSEL . . . IT IS EXPRESSLY UNDERSTOOD THAT CHARTERER SHALL INSURE ITS OBLIGATIONS ASSUMED UNDER THIS PARAGRAPH.

*See* Section 14 Master Time Charter Agreement (emphasis added).

23. The MTCA provides defense and indemnity to IOS and IM subject to the specific terms, exclusions and conditions, as set forth in Exhibit 1 attached hereto, which are pled as if incorporated herein, *in extenso*.

24. At all pertinent times, Linear Controls, Inc. was providing services to Apache pursuant to a Master Service Contract. Exhibit 3 is a true and accurate copy of the Master Service Contract.

25. The Master Service Contract provides for defense and indemnity arising from the alleged personal injury claims of Linear employee, Bergeron. Specifically the Master Service Contract states:

> *CONTRACTOR [Linear] AGREES TO BE SOLELY RESPONSIBLE FOR AND ASSUME ALL LIABILITY FOR AND HEREBY AGREES TO DEFEND, RELEASE, INDEMNIFY, AND HOLD HARMLESS COMPANY GROUP* [Apache and IOS and IM], *FROM ALL LOSSES, COSTS, EXPENSES, AND CAUSES OF ACTION (INCLUDING ATTORNEYS' FEES AND COURTS COSTS) FOR LOSS* OR FOR DAMAGE TO PROPERTY, *AND FOR INJURIES TO PERSONS* AND DEATH *ARISING OUT OF, INCIDENT TO, OR IN CONNECTION WITH, THE WORK OR*

5

> *ANY AND ALL OPERATIONS UNDER THIS CONTRACT . . .*
> THE LIABILITY ASSUMED BY CONTRACTOR [Linear] PURSUANT TO THIS SECTION 11(A) SHALL NOT BE LIMITED TO THE AMOUNTS OF CURRENT PROPERTY OR LIABILITY INSURANCE VOLUNTARILY CARRIED BY CONTRACTOR [Linear].

*See* Section 11 Master Service Agreement (emphasis added).

26. At all pertinent times, Bergeron was an employee of Linear Controls, Inc. providing services to Apache pursuant to the Master Service Contract referenced above.

27. Prior to the events of December 13, 2011, Apache, invoking the MTCA, chartered the HUNTER to service various assets off of the Louisiana coast. On December 13, 2011, the HUNTER, at the direction of Apache, was transporting Bergeron, an employee of Linear Controls, Inc. and subcontractor of Apache.

28. While traversing West Cameron 168 on December 13, 2011, the HUNTER allided with an unmarked submerged caisson owned by Linder Oil Company, a Partnership, Linder Energy Company, Louisiana General Oil Company, Destin Resources, LLC, Reserves Management, L.C. and Sojitz Energy Venture, Inc. and sunk.

29. All crewmembers and passengers, including Bergeron, evacuated the vessel and were picked up approximately one hour later.

30. As a result of this incident, Bergeron filed a claim against IOS and IM.

31. Since December 13, 2011, IOS and IM have followed the terms of the subject MTCA and placed Apache on notice of its defense and indemnity obligations stemming from the above-referenced claim from Bergeron. The last demand letter which formally placed Apache on notice for defense and indemnity was sent by IOS and IM on January 24, 2013.

32. To date Apache has declined to accept its obligation to defend and indemnify IOS and IM for the claims advanced by Bergeron.

33. Apache agreed to defend and indemnify IOS and IM for any claims advanced by Apache's subcontractors.

34. *In the Matter of International Marine, LLC and International Offshore Services, LLC*, Bergeron, who at all relevant times was an employee of a subcontractor of Apache, alleges he was injured when the HUNTER sunk on December 13, 2011 after alliding with an unmarked submerged caisson.

35. Therefore, Apache cannot now argue that this clear and unambiguous language does not apply to the damages allegedly sustained by Jake Bergeron while traveling on the HUNTER and IOS and IM are entitled to have Apache assume the defense of Bergeron's claim and provide indemnity.

36. Apache is further liable to IOS and IM for the cost of investigating and defending the claims of Bergeron to date.

37. Linear, through its Master Service Contract, agreed to defend and indemnify IOS and IM for any claims advanced by its employees.

38. Accordingly, IOS and IM are third party beneficiaries of the indemnities contained within the Master Service Contract and thus entitled to defense and indemnity from Linear for the Bergeron claim.

**WHEREFORE**, International Offshore Services, LLC and International Marine, LLC pray for a declaratory judgment pursuant to 28 U.S.C. § 2201, as follows:

(a) A declaration that the Master Service Contract obligates Linear Controls Operating, Inc. f/k/a Linear Controls, Inc. to provide defense and indemnity and the benefit of its insurance to International Offshore Services, LLC and International Marine, LLC for the claims asserted by Jake Bergeron in the civil

        action captioned as *In the Matter of International Marine, LLC and International Offshore Services, LLC* (USDC, EDLA, No.: 2:12-cv-0358); and

(b)     A declaration that Linear Controls Operating, Inc. f/k/a Linear Controls, Inc. owe attorneys' fees, costs, expenses of investigation and defense, and interest to International Offshore Services, LLC and International Marine, LLC for the amounts paid to date defending the underlying actions.

(c)     A declaration that the Master Time Charter Agreement obligates Apache Corp. to provide defense and indemnity and the benefit of its insurance to International Offshore Services, LLC and International Marine, LLC for the claims asserted by Jake Bergeron in the civil action captioned as *In the Matter of International Marine, LLC and International Offshore Services, LLC* (USDC, EDLA, No.: 2:12-cv-0358); and

(d)     A declaration that Apache Corp. owe attorneys' fees, costs, expenses of investigation and defense, and interest to International Offshore Services, LLC and International Marine, LLC for the amounts paid to date defending the underlying actions.

(e)     Any and all other equitable relief as this Court may deem proper and awarding International Offshore Services, LLC and International Marine, LLC any and all costs of this action to as this Court deems appropriate.

                                        Respectfully submitted,

                                        */s/ Miles P. Clements*
                                        Miles P. Clements (LA 4184)
                                        T. Patrick O'Leary (LA 30655)
                                        Brandon K. Thibodeaux (LA 32725)
                                        **FRILOT L.L.C.**
                                        3700 Energy Centre
                                        1100 Poydras Street
                                        New Orleans, LA  70163-3700
                                        504/599-8004 Phone; 504/599-8104 Fax
                                        mclements@frilot.com
                                        poleary@frilot.com
                                        bthibodeaux@frilot.com
                                        **Counsel for Plaintiffs:**
                                        **INTERNATIONAL OFFSHORE SERVICES, LLC and INTERNATIONAL MARINE, LLC**

**PLEASE SERVE:**

1. Linear Controls Operating, Inc. f/k/a Linear Controls, Inc.
   Through registered agent for service:
   Andre L. Clemons
   107 ½ Commission Boulevard
   Lafayette, Louisiana  70508

2. Apache Corporation (of Delaware)
   Through registered agent for service:
   CT Corporation System
   5615 Corporate Boulevard
   Suite 400B
   Baton Rouge, Louisiana  70808